IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWN PAPER LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>  v.<br><br>PRICEWATERHOUSECOOPERS LLP f/k/a COOPERS & LYBRAND, et al.,<br><br>    Defendants<br>                                      / | No. 02-3836 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF ATTORNEY'S FEES AWARDS AND REQUEST FOR REDUCTION OF SUPERSEDEAS BOND OR, IN THE ALTERNATIVE, FOR ORDER PERMITTING TRUST TO BE ADVANCED MONEY** |

      On March 30, 2005, the Court granted defendant Houlihan Lokey Howard & Zukin's ("Houlihan") motion for an award of attorney's fees, and awarded Houlihan fees and non-taxable costs in the total amount of $480,385.43.  Additionally, on March 30, 2005, the Court granted defendant Credit Suisse First Boston LLC's ("Credit Suisse") motion for an award of attorney's fees, and awarded Credit Suisse fees and non-taxable costs in the total amount of $824,913.  On April 22, 2005, plaintiff filed a notice of appeal from the above-referenced orders, and such appeal is pending before the Ninth Circuit.

      Before the Court is plaintiff's motion, pursuant to Rule 62(d), to stay enforcement of the above-referenced orders pending appeal, upon the posting of a bond in a reduced amount.  Alternatively, and in the event the Court finds a reduction of the bond amount is not appropriate, plaintiff requests that its counsel either be allowed to pay the attorney's

fees awards or to advance plaintiff the funds necessary to obtain a supersedeas bond in the amount of those awards. Houlihan and Credit Suisse have filed a joint opposition, in which they state they do not oppose the Court's granting permission to plaintiff's counsel to advance plaintiff the funds necessary to pay the attorney's fees awards, but that they do oppose the other forms of relief sought by plaintiff. Plaintiff did not file a reply.

**I. Reduction of Bond Requirement**

Plaintiff seeks an order staying enforcement of the judgments upon plaintiff's posting of a bond in the amount of $50,000, rather than a bond in the amount of the judgments, which total $1,305,298.43. Plaintiff argues, inter alia, that it should not be required to post a supersedeas bond in the amount of the judgments because such undertaking would interfere with its plans to pay other creditors. In that regard, plaintiff does not argue it would be financially impossible for it to pay the judgments, only that other creditors, in plaintiff's view, should be paid before Houlihan and Credit Suisse.

An appellant is not entitled to a stay of a monetary judgment pending appeal in the absence of a showing that the appellee would be protected in the event the appeal is unsuccessful. See In re Carlson, 224 F. 3d 716, 719 (7th Cir. 2000) (holding district court has discretion under Rule 62(d) to waive requirement that appellant post bond in amount of judgment, but "only if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment"); see, e.g., Miami Int'l Realty Co. v. Pavnter, 807 F. 2d 871, 874 (10th Cir. 1986) (holding district court did not err in granting stay without requiring appellant to post supersedeas bond in full amount of judgment, where district court froze appellant's assets and ordered appellant's insurance coverage escrowed pending stay). Here, as noted, plaintiff seeks to avoid having to post a bond in the amount of the judgments, or to otherwise secure its obligations to Houlihan and Credit Suisse, so that, essentially, it is free to pay other creditors.

Because plaintiff has not shown that Houlihan and Credit Suisse would be protected in the event plaintiff does not prevail on appeal, the Court declines to exercise its discretion

2

to grant a stay upon the posting of a bond in the amount of $50,000.

**II. Advance of Costs By Counsel**

Plaintiff alternatively requests that the Court allow one of its counsel, Beus Gilbert, LLC ("Beus Gilbert"), to advance plaintiff either the amount necessary to pay the judgments or to post a supersedeas bond in the amount of the judgments.

In support of its alternative request, plaintiff offers a declaration from a Beus Gilbert partner, Leo R. Beus ("Beus"), who states Beus Gilbert is willing to advance the necessary funds to plaintiff, and that plaintiff then will be obliged to repay the funds under the terms of the Representation Agreement between plaintiff and Beus Gilbert. (See Beus Decl., filed June 1, 2005, ¶¶ 7, 8.) According to Beus, the Bankruptcy Court, in the Crown bankruptcy proceedings, approved plaintiff's engagement of Beus Gilbert and that, "[i]n doing so, the Bankruptcy Court had before it the Representation Agreement." (See id. ¶ 6.) The Representation Agreement provides that, irrespective of whether plaintiff prevails on its claims, plaintiff is obliged to pay Beus Gilbert the costs and expenses advanced on plaintiff's behalf. (See id. Ex. 1 ¶ 2.1.)

In the proceedings before the Bankruptcy Court, plaintiff represented that under the terms of the bankruptcy plan approved by the Bankruptcy Court, plaintiff is obligated to pay creditors according to the terms of that plan. Because plaintiff now seeks to become obligated to Beus Gilbert for an additional, and sizable, sum, this Court's approval of plaintiff's alternative request could have unintended consequences with respect to the integrity of the approved plan. Under such circumstances, the Court will deny plaintiff's alternative request, without prejudice to plaintiff's seeking such relief from the Bankruptcy Court.[1]

---

[1] In the event plaintiff obtains permission to borrow such funds, and plaintiff elects to post a supersedeas bond in the amount of the judgments rather than to pay the judgments, plaintiff may renew its request for a stay before this Court. Any such renewed motion is to be accompanied by a proposed form of bond.

3

**CONCLUSION**

For the reasons stated above, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: July 1, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge