**KRIEG, KELLER, SLOAN, REILLEY & ROMAN, LLP**
114 SANSOME STREET
4TH FLOOR
SAN FRANCISCO CA 94101-3812
TELEPHONE: (415) 249-8330
FAX: (415) 249-8333
James C. Krieg/Calif. Bar No. 77069
jkrieg@kksrr.com
Stanley G. Roman/Calif. Bar No. 87652
sroman@kksrr.com

Attorneys for McGuireWoods LLP

**BEUS GILBERT PLLC**
4800 NORTH SCOTTSDALE ROAD, SUITE 6000
SCOTTSDALE, ARIZONA 85251
TELEPHONE: (480) 429-3000
FAX: (480) 429-3100
Leo R. Beus/Ariz. Bar No. 002687 (Pro hac vice)
lbeus@beusgilbert.com
Malcolm Loeb/Calif. Bar No. 130026
mloeb@beusgilbert.com

Attorneys for Crown Paper Liquidating Trust

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No.: C02-03836 MMC |
| CROWN VANTAGE, INC., | **STIPULATION AND [PROPOSED] ORDER DEFERRING HEARING AND BRIEFING DATES FOR DEFENDANT MCGUIREWOODS LLP'S MOTION FOR ATTORNEYS' FEES** |
| Debtor. Employer I.D. # 54-1752384 | |
| CROWN PAPER LIQUIDATING TRUST, | **Dept.** Courtroom 7, 19th Floor |
| Plaintiff, | **Judge:** Hon. Maxine M. Chesney |
| v. | |
| PRICEWATERHOUSECOOPERS LLP f/k/a COOPERS & LYBRAND; ERNST & YOUNG; McGUIRE, WOODS, BATTLE & BOOTH; MERRILL LYNCH & CO.; MERRILL, LYNCH, PIERCE FENNER & SMITH; SALOMON BROS.; DONALDSON, LUFKIN & JENRETTE; HOULIHAN LOKEY HOWARD & ZUKIN; CLIFFORD CUTCHINS; STEPHEN HARE; ERNEST LEOPOLD; E. LEE SHOWALTER; ROBERT C. WILLIAMS; WILLIAM DANIEL; and JOSEPH T. PIEMONT, | |
| Defendants. | |

1    Pursuant to Rule 6-2 of the Local Rules of the Northern District of California and FED. R.

2    CIV. P. 54(d)(2)(6), Defendant McGuireWoods LLP ("McGuireWoods") and Plaintiff Crown Paper

3    Liquidating Trust (the "Trust") stipulate as follows and respectfully request that the Court enter their

4    proposed order.

5    WHEREAS on July 12, 2004, this Court granted Defendant McGuireWoods' Motion to

6    Dismiss this action with prejudice;

7    The Trust filed its Notice of Appeal of the dismissal on August 10, 2004.

8    On July 28, 2004, McGuireWoods filed a Motion for Attorneys' Fees arguing that

9    McGuireWoods was entitled to attorneys' fees under the terms of a 1998 Option and Settlement

10   Agreement between Crown and Fort James Corporation (the "Option and Settlement Agreement"),

11   but requesting that the Court defer ruling on the attorneys' fees Motion until proceedings in the

12   Delaware Chancery Court (the "Delaware Action") involving the Option and Settlement Agreement

13   were resolved;

14   On January 12, 2005, this Court issued an Order finding that "because significant issues

15   concerning the contract under which McGuireWoods seeks an award of attorneys' fees are pending

16   in the Delaware Action, the Court finds it appropriate to deny the Motion at this time, without

17   prejudice to refiling it upon completion of the proceedings in Delaware."  The Court held that

18   McGuireWoods could refile its attorneys' fee motion no later than fourteen (14) days after entry of a

19   final judgment in the Delaware Action;

20   The Delaware Action was dismissed without prejudice on December 21, 2005;

21   On or about December 23, 2005, the parties submitted a stipulation and proposed order to the

22   Court seeking an extension of time for McGuireWoods to file its Motion for Attorneys' Fees from

23   January 4, 2006 to March 3, 2006;

24   On or about December 27, 2005, the Court granted the parties' stipulation and ordered that

25   the last day for McGuireWoods to file its Motion for Attorneys' Fees be continued from January 4,

26   2006 to March 3, 2006;

27   On March 3, 2006, McGuireWoods filed its Notice of Motion and Motion for Attorneys'

28   Fees and Expenses and supporting Memorandum of Points and Authorities;

2

On March 27, 2006, McGuireWoods and Crown stipulated to a further continuance of McGuireWoods' Motion for Attorneys' Fees pending resolution of Crown's appeal of this Court's order dismissing McGuireWoods.  Specifically, the parties stipulated that McGuireWoods would withdraw its Motion for Attorneys' Fees without prejudice to reasserting the claim in this Court if (a) the case was remanded from the Ninth Circuit Court of Appeals to the District Court following Crown's appeal, in which event any fees claims would be litigated as provided by Rule 54; or (b) the Ninth Circuit affirms the dismissal of McGuireWoods, in which event the fee motion could be refiled no later than fourteen (14) days after the Ninth Circuit affirms.  This Court signed the stipulation and proposed order on March 30, 2006 (Docket No. 429);

By order dated August 9, 2006, the Ninth Circuit Court of Appeals affirmed this Court's order dismissing McGuireWoods;

On August 23, 2006, Crown filed a petition for rehearing and rehearing en banc with the Ninth Circuit Court of Appeals;

By order dated September 20, 2006, the Ninth Circuit Court of Appeals denied Crown's petition for rehearing and rehearing en banc;

On September 22, 2006, Crown and McGuireWoods submitted a stipulation and proposed order to this Court requesting that the filing date for McGuireWoods's fee motion be deferred pending settlement negotiations, and requested that the Court require filing of the motion within sixty (60) days of remand of the case by the Ninth Circuit;

On September 25, 2006, the Court entered an order approving the stipulation deferring hearing and briefing dates for McGuireWoods's motion for attorneys' fees (Docket No. 432);

On October 3, 2006, the Ninth Circuit Court of Appeals issued its mandate;

On November 8, 2006, Fort James filed a "Motion for Summary Judgment on Count II (Fraudulent Transfer Claim Relating to 1998 Option and Settlement Agreement)" in *Beck v. Fort James, et al.,* Case No. 3:02-CV-03836 (the "Motion for Summary Judgment");

The Motion for Summary Judgment:

- Seeks resolution by this Court of the validity of and Crown's defenses to the Option and Settlement Agreement;

- Will be fully briefed by Crown and Fort James;
- Is potentially dispositive of McGuireWoods's right to fees pursuant to the Option and Settlement Agreement, as it will address the validity of that agreement and Crown's defenses thereto; and
- Is set for hearing on December 15, 2006.

Should the validity of and Crown's defenses to the Option and Settlement Agreement not be resolved by Crown's Motion for Summary Judgment, it is at issue in the trial of *Beck v. Fort James, et al.,* Case No. 3:02-CV-03836, set for trial on February 5, 2007.

THEREFORE, the parties desire an extension of time for filing McGuireWoods' motion regarding its right to attorneys' fees pending the final resolution of Count II (Fraudulent Transfer Claim Relating to 1998 Option and Settlement Agreement) in the *Beck v. Fort James, et al.* case.

Accordingly, the parties respectfully request a 30 day extension of time from the date of this Court's entry of judgment regarding Count II in *Beck v. Fort James, et al.,* Case No. 3:02-CV-03836, in which McGuireWoods may file its motion for attorneys' fees.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED THAT, upon Court approval of this stipulation, McGuireWoods' Motion for Attorneys' Fees shall be filed no later than thirty (30) days from the date of this Court's entry of judgment regarding Count II in *Beck v. Fort James, et al.,* Case No. 3:02-CV-03836.

**STIPULATED AND AGREED:**

DATED:  November 20, 2006

**Krieg, Keller, Sloan, Reilley & Roman, LLP**


By_____/s/_____
    Allison Lane Cooper/Calif. Bar No. 152384
    114 Sansome Street, 4th Floor
    San Francisco, CA 94101-3812

Attorneys for Defendant McGuireWoods LLP

/ / /

/ / /

/ / /

4

DATED:  November 20, 2006

**BEUS GILBERT** PLLC

By_____/s/_____
          Albert J. Morrison/Calif. Bar No. 198047
          4800 North Scottsdale Road, Suite 6000
          Scottsdale, Arizona  85251

Attorneys for Plaintiff Crown Paper Liquidating Trust

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED:  _November 22, 2006_____

_____
Hon. Maxine M. Chesney
United States District Court Judge

STIPULATION AND [PROPOSED] ORDER